UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>MARCO OCTAVIO RAMIREZ,<br><br>            Defendant. | CASE NO. CR19-0188JLR<br><br>ORDER GRANTING MOTION TO PROCEED WITH GUILTY PLEA HEARING BY VIDEO OR TELEPHONIC HEARING |

## I.  INTRODUCTION

This matter comes before the court upon Defendant Marco Octavio Ramirez's motion to proceed with his guilty plea by video or telephonic hearing (Mot. (Dkt. # 28)). The court has considered the motion, Plaintiff the United States of America's ("the Government") opposition (Resp. (Dkt. # 29)), the record, and the applicable law. Being fully advised, the court GRANTS Mr. Ramirez's motion.

//

//

ORDER - 1

## II. BACKGROUND

Mr. Ramirez's trial was set for May 4, 2020. (*See* 11/1/19 Order (Dkt. # 19) at 2.) However, due to the public health emergency caused by the coronavirus disease 2019 ("COVID-19") pandemic, on March 17, 2020, the United States District Court for the Western District of Washington issued General Order No. 02-20. *See* General Order ("GO") No. 02-20 (Mar. 17, 2020). That order continued all criminal matters scheduled prior to June 1, 2020, pending further order of the court. (*See id.* at 2.) On that basis, the court granted the parties' joint motion to continue the May 4, 2020, trial date. (*See* MTC (Dkt. # 23); 4/9/20 Order (Dkt. # 24).) The court further continued the trial date based on General Order No. 07-20, which continued all criminal matters another 30 days, and set Mr. Ramirez's status hearing for July 2, 2020. *See* GO No. 07-20 (Apr. 13, 2020); (4/24/20 Order (Dkt. # 26).) This district subsequently issued General Order No. 08-20 on May 13, 2020, which continued criminal in-person hearings and trial dates until at least August 3, 2020. GO No. 08-20 (May 13, 2020).

In the meantime, on March 20, 2020, the parties reached an agreement to resolve this case. The parties' agreement requires Mr. Ramirez to plead guilty as charged to Count 2 of the indictment and jointly recommends a 120-month sentence. (*See* Mot. at 2.) Mr. Ramirez now asks the court to set a plea hearing that the parties may attend remotely by telephonic or video means so that he can enter the plea contemplated by the parties' agreement. (*See id.* at 3.)

//

//

|   |   |
|---|---|
| 1 | **III.   ANALYSIS** |
| 2 | The Federal Rules of Criminal Procedure make no provision for a defendant to |
| 3 | enter a guilty plea except while in open court.  *See generally* Fed. R. Crim. P.  Due to the |
| 4 | COVID-19 pandemic and the public health emergency, Congress enacted the |
| 5 | Coronavirus Aid, Relief, and Economic Safety Act ("CARES Act"), which provides that |
| 6 | certain criminal proceedings may proceed by video teleconferencing during the |
| 7 | COVID-19 national emergency, including a guilty plea in a felony case.  *See* CARES Act |
| 8 | § 15002.  To do so, the Judicial Conference of the United States first must find that the |
| 9 | COVID-19 emergency will materially affect the functioning of the federal courts |
| 10 | generally or a particular court.  *Id.* § 15002(b)(2)(A).  It has done so.  *See* Administrative |
| 11 | Office of the United States Courts, Judiciary News, *Judiciary Authorizes Video/Audio* |
| 12 | *Access During COVID-19 Pandemic* (Mar. 31, 2020), |
| 13 | https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access- |
| 14 | during-covid-19-pandemic. |
| 15 | On March 30, 2020, Chief Judge Ricardo S. Martinez fulfilled the second |
| 16 | requirement of the CARES Act for permitting guilty plea hearings via video |
| 17 | teleconferencing when he entered a finding "that felony pleas under Rule 11 of the |
| 18 | Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal |
| 19 | Rules of Criminal Procedure cannot be conducted in person without seriously |
| 20 | jeopardizing public health and safety."  *See* GO No. 04-20 (Mar. 30, 2020) at 2; *see also* |
| 21 | CARES Act § 15002(b)(2)(A). |
| 22 | // |

ORDER - 3

Third, the CARES Act requires that the district court in the particular case must find "for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice." *See* CARES Act § 15002(b)(2)(A); *see also* GO No. 04-20. Accordingly, the court finds that because Mr. Ramirez and the Government have reached an agreement concerning his plea, the plea hearing in this case "cannot be further delayed without serious harm to the interests of justice." *See* CARES Act § 15002(b)(2)(A). Absent intervention, Mr. Ramirez would not be able to participate in a guilty plea hearing until at least August 3, 2020, *see* GO 08-20 at 2, despite having had his May 4, 2020, trial date stricken due to the COVID-19 emergency (*see* 4/9/20 Order). Accordingly, the court GRANTS Mr. Ramirez's motion to proceed with his guilty plea hearing via remote means. The Government requests that the hearing be conducted via a video teleconference instead of merely via a teleconference. (*See* Resp. at 5.) The court agrees and so ORDERS. The court further ORDERS that Mr. Ramirez's guilty plea hearing be conducted before a Magistrate Judge and that the Clerk set the video teleconference hearing as soon as is practicable.

## IV. CONCLUSION

Based on the foregoing analysis, and within the specific parameters set forth above, the court GRANTS Mr. Ramirez's motion to proceed with a guilty plea hearing via video teleconference before a Magistrate Judge (Dkt. # 28).

Dated this 2nd day of June, 2020.

JAMES L. ROBART
United States District Judge